# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ELUID ESCOBEDO, JR.,

       Petitioner,

v.                                  CASE NO. 8:14-CV-1451-T-30TBM
                                  CRIM. CASE NO. 8:08-CR-252-T-30TBM

UNITED STATES OF AMERICA,

       Respondent.

_____/

## ORDER

       This matter is before the Court for consideration of Petitioner's motion (CV Dkt. 1) which the Court construes as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 motion"),[1] and Motion for Evidentiary Hearing (CV Dkt. 2). A motion to vacate must be reviewed prior to service on the United States. *See* Rule 4 of the Rules Governing § 2255 Cases. If the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the motion is properly dismissed without a response from the United States. 28 U.S.C. § 2255(b). Upon consideration of the § 2255 motion and the record, the Court concludes that the § 2255 motion must be dismissed as successive.

---

[1]Because Petitioner's motion constitutes a collateral attack on his conviction, the proper avenue of relief is under 28 U.S.C. § 2255. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003)("Because Farris was moving to vacate his sentences and he previously had filed a § 2255 motion, the district court did not err in construing his motion as a successive § 2255 motion."); *Betzner v. United States*, 470 Fed.Appx. 744, 745 n.1 (11th Cir. 2012) ("Although neither Betzner's 1995 motion nor the court's 1995 order referenced section 2255 specifically, Betzner sought to attack collaterally and to vacate his sentence and, thus, section 2255 was the appropriate avenue for relief.") (citation omitted).

## BACKGROUND

Petitioner pleaded guilty pursuant to a plea agreement to Count One of the Indictment charging him with conspiracy to distribute fifty (50) grams or more of a mixture or substance containing a detectable amount of methamphetamine (CR Dkts. 10, 46, 47, 119).  He was sentenced to 110 months in prison to be followed by 5 years supervised release (CR Dkts. 89, 92, 96).  Petitioner's appeal was dismissed on November 3, 2009 (CR Dkt. 123). Petitioner's request for collateral relief pursuant to 28 U.S.C. § 2255 was dismissed as time-barred on November 30, 2012 (CR Dkt. 126); *Escobedo v. USA*, Case No. 8:12-cv-2686-T-30TBM (M.D. Fla.2012).  Petitioner did not appeal the dismissal of his § 2255 motion.

## DISCUSSION

Petitioner now returns to this Court seeking to vacate his conviction, asserting that a mental illness rendered his plea involuntary, and his conviction was the result of an unlawful search and seizure (CV Dkt. 1).  "[A] second or successive [§ 2255] motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. §2255(h).  *See also* 28 U.S.C. § 2244(b)(3)(A).  Because Petitioner has previously sought collateral relief pursuant to § 2255 which was dismissed as time-barred,[2] and he has not demonstrated that he has obtained permission from the Eleventh Circuit to file a second or

---

[2]The dismissal of Petitioner's first § 2255 motion as time-barred constitutes an adjudication on the merits for the purposes of invoking the second or successive requirements of 28 U.S.C. § 2244(b)(3). *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1353 (11th Cir. 2007) (petitioner required to obtain approval from circuit court of appeal prior to filing second or successive § 2254 petition after first habeas petition was dismissed as untimely); *Villenueva v. United States*, 346 F.3d 55, 61 (2d Cir. 2003), *cert. denied*, 542 U.S. 928 (2004) (holding that "a habeas or § 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes.").

successive motion, this Court is without jurisdiction to entertain the instant § 2255 motion. *Darby v. Hawk-Sawyer*, 405 F.3d 942, 944-45 (11th Cir. 2005); *United States v. Harris*, 546 Fed. Appx. 898, 900 (11th Cir. 2013) (unpublished opinion) ("A district court lacks the jurisdiction to hear a second or successive § 2255 motion absent authorization from a court of appeals.") (citations omitted).

Apparently realizing that a  § 2255 motion would be barred as successive and untimely (see CV Dkt. 2 at p. 15), Petitioner appears to suggest that his motion should be construed as one for relief pursuant to 28 U.S.C. § 2241 and the All Writs Act of 28 U.S.C. 1651(a) (CV Dkt. 1 at p. 8).  Under the "savings clause" of § 2255, a petitioner may file a § 2241 petition if he demonstrates that an otherwise available remedy under  § 2255 is inadequate or ineffective to test the legality of his detention.  *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003); *Wofford v. Scott*, 177 F.3d 1236, 1238 (11th Cir. 1999).  The savings clause applies when (1) a claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of the Supreme Court decision established that the petitioner was convicted for an offense that is now nonexistent; and (3) circuit court law squarely foreclosed such a claim at the time it otherwise should have been raised in the trial, appeal, or first § 2255 motion.  *Sawyer*, 326 F.3d at 1365 (citing *Wofford*, 177 F.3d at 1244).  All three criteria must be satisfied in order for a petitioner to proceed under the savings clause. *Flores v. McFadden*, 152 Fed.Appx. 913, 914 (11th Cir. 2005) (unpublished), *cert. denied*, 547 U.S. 1173 (2006).

Petitioner has not satisfied any, let alone all, of the three elements under the savings clause.  The savings clause therefore does not apply to his claims. Consequently, Petitioner's attempt to proceed under § 2241 constitutes an improper attempt to circumvent the requirements for filing a second or successive § 2255 motion.

Petitioner likewise may not use the All Writs Act to circumvent the requirements for filing a second or successive § 2255 motion.  *See Morales v. Florida Dept. of Corrections*, 346 F. App'x 539, 541 (11th Cir. 2009) (per curiam) (unpublished) (affirming district court's dismissal of Morales's collateral attack on his conviction, brought pursuant to the All Writs Act, as a successive habeas petition "[b]ecause Morales could not circumvent the statutory requirements for filing a successive § 2254 petition by invoking the All Writs Act. . . .").

This case will therefore be dismissed without prejudice to allow Petitioner the opportunity to seek authorization from the Eleventh Circuit to file a second or successive § 2255 motion.

ACCORDINGLY, it is **ORDERED** that:

1.      The construed motion to vacate, set aside, or correct an illegal sentence (CV Dkt. 1) is **DISMISSED**, without prejudice, for lack of jurisdiction.

2.      The Motion for Evidentiary Hearing (CV Dkt. 2) is **DENIED**, without prejudice, as moot.

3.      The **Clerk** is directed to send Petitioner the Eleventh Circuit's application form for leave to file a second or successive § 2255 motion under 28 U.S.C. § 2244(b).

4

4.      The **Clerk** shall terminate all pending motions, close this case, and terminate from pending status the motions (CR Dkts. 129, 130) filed in the corresponding criminal case number 8:08-CR-252-T-30TBM.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c) (2).  To make such a showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)).  When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a COA should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.  Because the instant motion is clearly a successive § 2255 motion, Petitioner

cannot make the requisite showing in these circumstances.  Finally, because Petitioner is not

entitled to a COA, he is not entitled to appeal *in forma pauperis*.

      **DONE** and **ORDERED** in Tampa, Florida on June 20, 2014.


                                  JAMES S. MOODY, JR.
                                  UNITED STATES DISTRICT JUDGE

SA:sfc
<u>Copy furnished to</u>:
Petitioner *pro se*
Counsel of Record